UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL JOSEPH ARDITO,

        Petitioner,                      Case Number: 06-CV-13119

v.                                        HON. ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

Petitioner Paul Joseph Ardito has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, challenges his convictions for second-degree home invasion and fourth habitual offender. Petitioner has now filed a Motion to Stay Proceedings so that he may return to state court to present two unexhausted claims. The Court shall grant Petitioner's motion, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

**I.**

On November 4, 2004, Petitioner pleaded guilty in Oakland County Circuit Court to second degree home invasion and fourth habitual offender. He was sentenced to five to twenty years imprisonment. Petitioner filed a motion to withdraw guilty plea, which was denied on March 23, 2005.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claim for relief:

Ardito v. Lafler, No. 06-cv-13119

The lower court judge abused his discretion by failing to allow Mr. Ardito to withdraw his plea.

The Michigan Court of Appeals denied leave to appeal. People v. Ardito, No. 261816 (Mich. Ct. App. Oct. 11, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claim presented to the Michigan Court of Appeals. That application was also denied. People v. Ardito, 474 Mich. 1125 (Mich. 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting a single claim for relief, that his guilty plea was involuntary and unknowing.

## II.

Petitioner has filed a Motion to Stay Proceedings so that he may present two unexhausted claims in state court before amending his habeas petition to present these claims. The unexhausted claims are: (1) that petitioner was denied the effective assistance of counsel, and (2) that he was charged under the wrong statute.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner implicitly argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his own

2

Ardito v. Lafler, No. 06-cv-13119

ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See* Rhines, 544 U.S. at 277-78. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See* id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

Ardito v. Lafler, No. 06-cv-13119

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings is **GRANTED**. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Judge

Dated: January 18, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles  
Judicial Secretary